Martin, J.
delivered the opinion of the court. The answer presented an issue for trial, and the defendant, on the plaintiff’s answer to his interrogatories being filed, had three days to except to it as insufficient. 2 Martin’s Digest, 162.
The issue was to be tried, in the same manner as issues in ordinary cases, and either party was entitled to a jury. Whether such cases are to be set down for trial, in their turn among all others on the docket, we find it unnecessary to determine : but, the law having made no provision for any other mode, the case must be set down for trial.
The present does not appear to us, to have been set down for trial. A rule to show cause why an order, suspending a sale, should not be set aside, is obtained when the plaintiff thinks it irregularly issued. On the argument, the merits are not enquired into, any more than on a rule to shew cause why an attachment should *441 not be set aside. Taylor & al. vs. Hood, 2 Martin, 113. The grant of the order alone is considered, and it is clear that the opinion of the court does not put an end to the suit, if the order be not set aside. The case must then, undoubtedly, be set down for trial on the merits. If the order be set aside, it being the opinion of the court that it was irregularly obtained, it is done without pronouncing on the merits, or as in the present case, on the validity and force of the proof.
Admitting that the rule to shew cause was (as being directed to be tried summarily, and as such perhaps entitled to a preference) according to the plaintiff's counsel, a correct mean to set down the cause for trial, this was done prematurely. The defendant had two days farther to except to the answer to interrogatories and the case was not ripe for trial.
It is, therefore, ordered adjudged and decreed, that the judgment of the parish court be annulled, avoided and reversed, and that the cause be remanded with directions to the court, to proceed to hear the merits of the cause, after it shall have been set down for hearing, and it is ordered that the plaintiff and appellee, pay the costs of this appeal.